UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-80415-CIV-MIDDLEBROOKS/BRANNON

SUNDERLAND MUTUAL MARINE
INSURANCE COMPANY, LTD.

    Plaintiff,

vs.

KAREN L. COMASTRO,

    Defendant,

KAREN L. COMASTRO,

    Counter Claimant

vs.

SUNDERLAND MUTUAL MARINE
INSURANCE COMPANY, LTD.,

    Counter Defendant.
_____

## ORDER

    THIS CAUSE comes before the Court upon the Plaintiff/Counter Defendant's Motion for Summary Judgment. This action for declaratory relief was filed by the Plaintiff, Sunderland Mutual Marine Insurance Company, Ltd. ("Sunderland") on April 25, 2013.

    At issue in this matter is a policy for marine insurance relating to the Yacht vessel "CHICAGO" which was issued in or around August of 2012, after Comastro, through various agencies, made application to insure the CHICAGO. Specifically, Sunderland

1

issued a marine hull policy of insurance, number LMI-11260-2011, providing coverage for the M/V CHICAGO, model year 1987 63' Hatteras motor vessel, Hull Identification Number HATCW315L687, for the coverage period from August 3, 2012 through August 3, 2013 (the "Policy"). COMASTRO is the named insured under the subject marine insurance policy. On November 19, 2012, the CHICAGO, being captained by an individual named Michael Christopher Leger, experienced water intrusion and a partial sinking which required towing the vessel back to West Palm Beach.

In its Complaint, Sunderland seeks a declaration, pursuant to 28 U.S.C. § 2001, *et seq.*, that the Policy is void *ab initio* due to misrepresentations Comastro made during the Policy's application process. Alternatively, Sunderland seeks a declaration that the Policy was voided after issue due to Comastro's breach of the Warranty of Seaworthiness and/or the Warranty of Named Operator. On June 11, 2013, this case was set for trial during the two-week trial period commencing January 13, 2014.

On July 9, 2013, Sunderland filed an Amended Complaint adding claims for an additional declaration that: (1) it had no duty to defend Comastro in a suit between Comastro and a third-party salvage company in 13-80022-Civ-Rosenbaum;[1] (2) Comastro's claim under the policy was untimely; and (3) Comastro failed to mitigate her damages as required by the Policy.

On July 31, 2013, Comastro filed her answer and asserted two counter-claims against Sunderland, one for a declaration that the Policy was and is valid, and the other for breach of contract. Sunderland answered the counter-claims on August 21, 2013.

---

[1] I note that Sunderland's attorney clearly failed to indicate this related case on the Cicil Case Cover Sheet as required by the local rules of this District. Additionally, two of the added claims in the instant action relating to Sunderland's duties to indemnify or defend are directly related to the action before Judge Rosenbaum.

2

Since July, there has been little activity in this case. The following is the course of proceeding in this matter since August of 2013:

<u>August 23, 2013-</u>   Joint Motion to Continue – denied on August 26, 2013;

<u>September 30, 2013-</u> Joint Motion for Hearing – denied on October 2, 2013;

<u>October 29, 2013-</u>  Motion by Plaintiff's Counsel to withdraw due to "irreconcilable differences." The Motion was granted on November 14th, by DE 22 wherein Comastro was notified that she had twenty (20) days to retain a new lawyer or, due to a pending Motion for Summary Judgment (see below), risk entry of judgment against her;

<u>November 1, 2013-</u> Sunderland filed a Motion for Summary Judgment;

<u>December 12, 2013-</u> Sunderland filed a second Motion for Summary Judgment as Comastro had not responded to the first one; and

<u>December 12, 2013-</u> Sunderland filed a Motion for Entry of Clerk's Default.[2]

As stated previously, this matter is set for trial during the two-week period commencing January 13, 2014, with Calendar Call scheduled for this Wednesday, January 8, 2014. However, Comastro has failed to respond to any of Sunderland's dispositive motions, and has not taken any discernable steps towards prosecuting her counter-claims.[3]

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making my assessment of the

---

[2] This Motion for Clerk's Default is also procedurally incorrect as Defendant/ Counterclaimant Comastro has, by filing and answer and counter-claim, "appeared or otherwise defended" thereby precluding entry of a clerk's default as against her.
[3] I note that Comastro has apparently failed to defend in the related action before Judge Rosenbaum, and that a motion for final default judgment is pending in that case. See 13-80022-Civ-Rosenbaum at DE 70.

appropriateness of summary judgment, I "must view all the evidence and [reasonably draw] all factual inferences . . . from the evidence in the light most favorable to the nonmoving party," Comastro. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). Additionally, I "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America*, 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *d.* at 323.

In its Motion for Summary Judgment, Sunderland, *inter alia*, asserts that Comastro made material misrepresentations in making her application which render the entire application and all coverage thereunder void *ab initio*. For example, in her application, Comastro was required to list any and all individuals who would be operating the CHICAGO and to provide a detailed list of those individual's qualifications to captain the yacht. Comastro listed herself, and one Captain Scott Craig along with their substantial captaining experience. She did not list Michael Christopher Leger. The Policy application provided the following above the signature block:

PLEASE READ BEFORE SIGNING APPLICATION

    1. This application will be incorporated in its entirety into any relevant policy of insurance where insurers have relied upon the information contained therein.

    2. Any misrepresentation in this application for insurance will render insurance coverage null and void from inception. Please therefore check to make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to the application.

    3. A photograph of the vessel is required to be submitted with this application.

    4. Fraud statement – please see page 4 of this application form & initial the paragraph relevant to you to indicate that you have read and understood this.

The Policy further provided that:

> 28) No coverage is provided under this policy when the Insured vessel(s) is/are being operated by anyone other than those listed as operators including those listed on any bareboat charter agreement.

In the Motion, Sunderland asserts that in her Policy application Comastro misrepresented who would be operating the vessel, and that she did not ever supplement the Policy application to provide the name of Michael Christopher Leger as a listed operator of the CHICAGO. As noted previously, Comastro has failed to file any response in regards to this or any of Sunderland's other allegations. "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." S.D. Fla. L.R. 56.1(b). Accordingly, because Plaintiff failed to controvert Sunderland's Statement of Undisputed Material Facts and because Sunderland's facts are supported by evidence in the record, in accordance with Southern District of Florida Local Rule 56.1, Sunderland's facts are deemed admitted by Comastro. See also Fed. R. Civ. P. 56(e). I therefore find that it is established that Michael Christopher Leger was not a named operator under the Policy. Additionally, the uncontroverted evidence establishes Michael Christopher Leger was at the helm when the CHICAGO took on water and experienced a partial sinking.[4]

Sunderland requests that I find that this misrepresentation occurred during the Policy application, and so the Policy is void *ab initio*. However, Sunderland provides no legal basis or evidentiary support which permits me to determine that

---

[4] *See* Exh. 8 to the Motion wherein Comastro states that Michael Christopher Leger was at the helm when the CHICAGO took on water and experienced a partial sinking

6

in August of 2012, Comastro purposefully or negligently omitted Leger as a listed operator. Such fact is of no import here, however, as the Policy clearly states that there is no coverage under the Policy for damages incurred while the vessel is being operated by someone other than one of the listed operators. Accordingly, under the specific terms of the Policy, there is no coverage obligation, and summary judgment is therefore due to be entered in favor of Sunderland on the Majority of its claims as well as on Comastro's counter-claims. However, because the issue of Sunderland's duty to defend or indemnify is already pending before another Judge of this District, I decline to address the two Counts relating to Sunderland's indemnity or defense obligations, if there are any, and accordingly will dismiss Counts IV and V without prejudice as they are encompassed in the suit before Judge Rosenbaum. It is therefore,

ORDERED and ADJUDGED that the Motions for Summary Judgment (DE 21 & 23) be and are hereby GRANTED in PART as to all claims except for Counts IV and V of the Amended Complaint which are DISMISSED without PREJUDICE. The Calendar call of this matter, previously set for Wednesday, January 8, 2014 at 1:15 p.m. is CANCELLED and all other PENDING MOTIONS not resolved herein are DENIED as MOOT.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 7 day of January, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE